**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT PORZIO, Individually and on Behalf Of All Others Similarly Situated, | Civil Action No. 12-cv-07948 (SAS) |
| Plaintiffs, | |
| v. | |
| OVERSEAS SHIPHOLDING GROUP, INC., MORTEN ARNTZEN, and MYLES R. ITKIN, | |
| Defendants. | |
| BRUCE MYATT, Individually and on Behalf Of All Others Similarly Situated, | Civil Action No. 12-cv-08547 (SAS) |
| Plaintiffs, | |
| v. | |
| MORTEN ARNTZEN, and MYLES R. ITKIN, | |
| Defendants. | |
| PAUL OTTO KOETHER IRA ROLLOVER, Individually and on Behalf Of All Others Similarly Situated, | Civil Action No. 12-cv-009104-UA |
| Plaintiff, | |
| v. | |
| MORTEN ARNTZEN, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF**
**THE OSG INVESTOR GROUP FOR APPOINTMENT AS CO-LEAD PLAINTIFFS,**
**APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL**
**AND CONSOLIDATING RELATED ACTIONS AND IN OPPOSITION TO**
**COMPETING LEAD PLAINTIFF MOTIONS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 2

      A.    Members Of The Osg Investor Group  Are The Presumptive
            Co-Lead Plaintiffs ........................................................................................... 2

            1.    The OSG Investor Group Has The Largest Financial Interest .................... 2

            2.    The OSG Investor Group Meets the Requirements of Rule 23 .................. 3

                  a.    The OSG Investor Group's Claims Are Typical of the Class ......... 4

                  b.    The OSG Investor Group Adequately Represents the Class .......... 4

      B.    The Presumption In Favor Of The  OSG Investor Group Is Irrebutable ............... 5

            1.    The OSG Investor Group Is Not Subject To Unique Defenses .................. 6

      C.    The Other Movants Do Not Meet  The Requirements Of Rule 23 ........................ 7

      D.    The Court Should Approve The OSG  Investor Group's Choice Of
            Counsel .......................................................................................................... 8

III.  CONCLUSION .......................................................................................................... 8

**TABLE OF AUTHORITIES**

**CASES**                                                                     **Page(s)**

*Bo Young Cha v. Kinross Gold Corp.,*
   No. 12 Civ. 1203 (PAE), 2012 U.S. Dist. LEXIS 79288 (S.D.N.Y. May 31, 2012) ................. 2

*Casper v. Song Jinan,*
   No. 12 Civ. 4202 (NRB),
   2012 U.S. Dist. LEXIS 127821 (S.D.N.Y. Sept. 5, 2012) .......................................................... 5

*Davidson v. E\*Trade Financial Corp.,*
   No. 07-Civ-10400, 2008 U.S. Dist. LEXIS (S.D.N.Y. July 16, 2008)........................................ 4

*Foley v. Transocean Ltd.,*
   272 F.R.D. 126 (S.D.N.Y. 2011)............................................................................................... 3

*Freudenberg v. E\*Trade Financial Corp.,*
   No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767,
   2008 WL 2876373 (S.D.N.Y. July 16, 2008)........................................................................... 6

*In re Gaming Lottery Securities Litigation,*
   58 F. Supp. 2d 62 (S.D.N.Y. 1999) .......................................................................................... 6

*Glauser v. EVCI Career Colleges Holding Corp.,*
   236 F.R.D. 184 (S.D.N.Y. 2006)............................................................................................... 6

*Goldstein v. Puda Coal, Inc.,*
   827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...................................................................................... 2

*Jolly Roger Offshore Fund v. Bkf Capital Group,*
   No. 07 Civ. 3923 (RWS),
   2007 U.S. Dist. LEXIS 60437 (S.D.N.Y. Aug. 14, 2007).......................................................... 4

*Montoya v. Mamma.com, Inc.,*
   2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) ........................................................... 6

*Sofran v. LaBranche & Co.,*
   220 F.R.D. 398 (S.D.N.Y. 2004).......................................................................................... 2, 3, 4

*Strougo v. Brantley Capital Corp.,*
   243 F.R.D. 100 (S.D.N.Y. 2007)............................................................................................... 2

*Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.,*
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................................................... 7

*Weiss v. Friedman, Billings, Ramsey Group, Inc.,*
   No. 05 Civ. 4617, 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 25, 2006)..................................6

## STATUTES & RULES

15 U.S.C. § 78u-4(a)(3)(B)(iii)....................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..........................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)(v)....................................................................................................8

Exchange Act of 1934 (the "1934 Act")
   § 21D ........................................................................................................................................1

Federal Rule of Civil Procedure
   23 ...........................................................................................................................................2, 5

Private Securities Litigation Reform Act of 1995 (the "PSLRA") ........................................*passim*

Securities Act of 1933 (the "1933 Act")
   Section 27(a)(3)(b) ...................................................................................................................1

Abe and Norma Hedaya, William Mills and Kristin Mondo (the "OSG Investor Group" or "Movants"), respectfully submit this memorandum of law (a) in further support of their motion for: (i) appointment as Co-Lead Plaintiffs pursuant to Section 21D of the Exchange Act of 1934 (the "1934 Act") and Section 27(a)(3)(b) of the Securities Act of 1933 (the "1933 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of Movants' selection of Co-Lead Counsel; (iii) consolidation of the pending actions; and; and (b) in opposition to the six competing motions pending before this Court.

## I.   INTRODUCTION

Before the Court are seven motions seeking appointment as Lead Plaintiff under the PSLRA in a proposed consolidated proceeding consisting of the above-captioned, related securities class actions. Of the seven movants, the OSG Investor Group, with *over $2.1 million* in losses, has the largest financial interest in the litigation.[1] These losses, incurred by investors who traded in Overseas Shipholding Group, Inc. ("OSG") common stock and bonds between April 28, 2008 and October 22, 2012, inclusive (the "Class" and "Class Period," respectively), are significantly larger than the losses claimed by any other movant. Moreover, the members of the OSG Investor Group more than "meet the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Because the OSG Investor Group has the largest financial interest here,

---

[1] On January 11, 2013, The Riley Group, which claimed losses of approximately $383,551, withdrew its application for Lead Plaintiff. *See Porzio v. Overseas Shipholding Group*, No.1:12-cv-07948-SAS (Docket No. 52). The remaining competing movants in order of claimed losses are as follows: Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State and Lloyd Crawford (the "Stichting Group"), which claims losses of approximately $1.3 million; Robert Kawula, Ben Reuben, Nikos Georgalakis, Patrick Cummins and Douglas G. Fixter (the "Kawula Group"), which claims losses of approximately $809,000; Lee McClennahan ("McClennahan"), who claims losses of approximately $352,994; the Irving Firemen's Relief and Retirement Fund (the "Irving Firemen's Fund"), which claims losses of approximately $84,355; Barrie Woolard and Steven Hyman ("Woolard"), who claims losses of approximately $44,273; and Paul Otto Koether IRA Rollover ("Koether IRA"), which claims losses of approximately $6,575.

and does not otherwise suffer from an infirmity under Rule 23, the OSG Investor Group should
be appointed Co-Lead Plaintiffs.

## II.    ARGUMENT

### A.    Members Of The Osg Investor Group
Are The Presumptive Co-Lead Plaintiffs

The PSLRA directs the court to appoint as lead plaintiff the party or parties "most
capable of adequately representing the interests of class members." *Bo Young Cha v. Kinross
Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 U.S. Dist. LEXIS 79288, at \*5-6 (S.D.N.Y. May 31,
2012) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).   Under the PSLRA, the moving party with the
"largest financial interest" who otherwise satisfies the typicality and adequacy requirements of
Rule 23 is entitled to a presumption of lead plaintiff status. *See id.*

### 1.    The OSG Investor Group Has The Largest Financial Interest

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court should appoint as lead plaintiff the
"person or group of persons" with the largest financial interest in the relief sought by the Class.
*See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).   It is well-settled that
financial loss is the most important consideration in determining who should be lead plaintiff**.**
*E.g.*, *Bo Young Cha,* 2012 U.S. Dist. LEXIS 79288, at \*7  ("[C]ourts have consistently held that .
. . the magnitude of the loss suffered, is the most significant.");  *Goldstein v. Puda Coal, Inc.*,
827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011) (citing *Varghese v. China Shenghuo Pharm.
Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)); *see also Strougo v. Brantley Capital
Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (the determination of which candidate has the
largest loss is by far the "most important factor in determining who should be lead plaintiff.").

As this Court has previously held, once the plaintiff with the largest stake in the litigation
has been identified, "further inquiry must focus on that plaintiff alone and be limited to

determining whether he satisfies the other statutory requirements." *Sofran*, 220 F.R.D. at 402

(quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  That "another plaintiff may be

'more typical' or 'more adequate' is of no consequence.  So long as the plaintiff with the largest

losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."

*Id.*

      The claimed losses of the lead plaintiff movants are as follows:

| MOVANT | APPROXIMATE CLAIMED LOSSES (Rounded to the nearest dollar) |
| --- | --- |
| **The OSG Investor Group** | **$2,119,965** |
| The Stichting Group | $1,311,621 |
| The Kawula Group | $809,773 |
| McClennahan | $352,994 |
| Irving Firemen's Fund | $84,355 |
| Woolard | $44,273 |
| Koether IRA | $6,575 |

      Under any measure, the members of the OSG Investor Group possesses the "largest

financial interest" among the competing movants in this litigation, having incurred

approximately $2.1 million in losses in connection with their investments in OSG common stock

and bonds during the Class Period.   As set forth above, the losses suffered by the OSG Investor

Group during the Class Period significantly exceed the losses of all competing movants, and

therefore, members of the OSG Investor Group are the presumptive Co-Lead Plaintiffs in this

action.

      **2.**        **The OSG Investor Group Meets the Requirements of Rule 23**

      As this Court has previously held, "typicality and adequacy of representation are the only

provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA." *Foley*

*v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).  Moreover, at the lead plaintiff stage,

in contrast to the class certification stage, a movant "need only make a preliminary showing that

it satisfies the typicality and adequacy requirements of Rule 23." *Davidson v. E*Trade Financial* Corp., No. 07-Civ.-10400, 2008 U.S. Dist. LEXIS, at *14 (S.D.N.Y. July 16, 2008) (citations omitted).  Indeed, "a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." *Jolly Roger Offshore Fund v. Bkf Capital Group*, No. 07 Civ. 3923 (RWS), 2007 U.S. Dist. LEXIS 60437, at *9 (S.D.N.Y. Aug. 14, 2007); *see also Sofran*, 220 F.R.D. at 402.

### a.     The OSG Investor Group's Claims Are Typical of the Class

The typicality requirement does not require identity of claims between the class representative and those of the members of the class; rather, typicality is found where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Davidson*, 2008 U.S. Dist. LEXIS, at *14 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Here, the claims of the OSG Investor Group are typical of the claims of the Class because they arise from the same course of events and are based on the same legal theories as the claims of all other purchasers of OSG securities.  The OSG Investor Group stands in the same position as other potential Class members because its members purchased OSG common stock and bonds at artificially inflated prices and were injured as a result of Defendants' alleged violations of the federal securities laws.  The OSG Investor Group will rely on the same set of facts and involve the same legal theories to establish liability and damages as all other Class members.  Thus, the OSG Investor Group's claims are "typical" of the claims of the Class.

### b.     The OSG Investor Group Adequately Represents the Class

The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure

4

vigorous advocacy." *Id.* Here, the OSG Investor Group's significant financial interest will ensure vigorous advocacy on behalf of the class. See *Casper v. Song Jinan*, No. 12 Civ. 4202 (NRB), 2012 U.S. Dist. LEXIS 127821, at *7 (S.D.N.Y. Sept. 5, 2012). Moreover, as amply demonstrated in the OSG Investor Group's certifications each member: (i) is familiar with the duties of a lead plaintiff and class representatives under the PSLRA and Rule 23, and is prepared to diligently discharge those duties; (ii) has retained qualified counsel with considerable experience in prosecuting federal securities class actions; (iii) has no interest that is antagonistic to the other members of the Class; and (iv) has a significant interest in the outcome of this case to ensure vigorous prosecution of the claims here.[2] Further, Movants have each submitted declarations (i) describing their respective backgrounds, the manner in which the OSG Investor Group was formed, and communications with proposed Co-Lead Counsel and Co-Lead Plaintiffs; and (ii) expressing their willingness to work cooperatively with other members of the OSG Investor Group to vindicate the interests of all OSG investors. *See* First Kolker Decl., Ex. 8.

### B.     The Presumption In Favor Of The OSG Investor Group Is Irrebutable

Under the PSLRA, the statutory presumption favoring the movant with the "largest financial interest" may be rebutted, only upon "***proof***" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As demonstrated below, the other movants here cannot offer the requisite

---

[2] *See* Declaration of Lawrence P. Kolker in Support of the Motion of the OSG Investor Group for Appointment as Co-Lead Plaintiffs, Approval of Co-Lead Plaintiffs' Selection of Co-Lead Counsel and Consolidating Related Actions, dated December 26, 2012 ("First Kolker Decl."), Exs. 2, 4, 6.

"proof" to rebut the presumption in favor of the OSG Investor Group. *See Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] *might* be subject to a later attack by Defendants") (emphasis in original).

### 1. The OSG Investor Group Is Not Subject To Unique Defenses

The OSG Investor Group anticipates that competing movants will argue that because members of the OSG Investor Group sold out of their OSG common stock prior to the end of the alleged Class Period, the OSG Investor Group is subject to unique defenses and should be deemed atypical under the PSLRA. Yet, courts in this District routinely certify class representatives who are "out" of the security before the end of the Class Period. *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 U.S. Dist. LEXIS 62767, 2008 WL 2876373, at \*7 (S.D.N.Y. July 16, 2008) ("Nor does the sale by KSG of their E\*Trade securities by August 20, 2007, prior to the end of the alleged class periods in the current complaints, render them inadequate or atypical under the PSLRA, absent a showing that such divestiture creates divergent interests."); *Weiss v. Friedman*, *Billings, Ramsey Group,* Inc., No. 05 Civ. 4617, 2006 U.S. Dist. LEXIS 3028, at \*15 (S.D.N.Y. Jan. 25, 2006) ("despite the fact that all the Operating Engineers Trust's shares were sold before the class period ended, one would not necessarily have to conclude that the Trust's losses are unattributable to the alleged fraudulent inflation."); *Montoya v. Mamma.com, Inc*., 2005 U.S. Dist. LEXIS 10224, at \*6 (S.D.N.Y. May 31, 2005) (appointing lead plaintiff that was out of the subject stock before the end of the class period); *see also In re Gaming Lottery Sec. Litig*., 58 F. Supp. 2d 62, 69-71 (S.D.N.Y. 1999) (rejecting defendants' argument that an in-and-out purchaser was an inadequate class representative because he sold as well as purchased at inflated prices).

### C.     The Other Movants Do Not Meet
###          The Requirements Of Rule 23

In contrast to the Overseas Investor Group, the competing movants largely appear to be an assemblage patched together by lawyers without any evidence of their cohesiveness. The Stichting Group, the movant claiming the second largest loss—a loss approximately one-half the size of the OSG Investor Group's loss—has submitted *no evidence* that its members are familiar with the duties with which they are charged under the PSLRA in representing a class of investors. Such failures are additional and independent grounds for its motion to be denied. Significantly, the Stitching Group failed to submit a declaration explaining the formation and function of their group, or any evidence as to why the group members decided to seek joint appointment as Lead Plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392-94 (S.D.N.Y. 2008) (rejecting proposed lead plaintiff group that failed to provide evidentiary support attesting to its ability to work together and oversee the litigation apart from its lawyers . . . how or why the group was formed, how its members will work together to manage the litigation, whether a pre-litigation relationship existed between its members . . . whether its members have ever communicated . . . or if they are even aware of each other's existence.").

Further, the motions of the Kawula Group, McClennahan, Woolard, and Koether IRA should be denied for similar reasons. The movants failed to submit any evidence of the propriety of the proposed group, and their initial motion does not state how the group was formed, or even that its members know of each other's existence. *See id.* Accordingly, the Overseas Investor Group is the only proper Lead Plaintiff group and its motion should be granted.

**D.    The Court Should Approve The OSG
        Investor Group's Choice Of Counsel**

The OSG Investor Group has retained, subject to Court approval, Wolf Haldenstein Adler
Freeman & Herz LLP ("Wolf Haldenstein") and Block & Leviton LLP ("Block & Leviton LLP")
to serve as Co-Lead Counsel.  See 15 U.S.C. § 78u-4(a)(3)(B)(v).  As demonstrated by the firm
resumes of Wolf Haldenstein and Block & Leviton, both law firms are unquestionably qualified
to serve as Co-Lead Counsel.  *See* First Kolker Decl., Exs. 9,10.  Wolf Haldenstein has more
than four decades of extensive experience in successfully prosecuting complex securities actions
and has frequently served as lead counsel in major actions in this and other courts.  *See id.*
Similarly, the attorneys at Block & Leviton have collectively prosecuted securities class action
cases for more than fifty years and have recovered well in excess of $1.0 billion for shareholders.
*See id.*  Accordingly, if members of the OSG Investor Group are appointed Co-Lead Plaintiffs,
the Court should approve their selection of Co-Lead Counsel.

**III.    CONCLUSION**

The members of the OSG Investor Group have satisfied each of the PSLRA's
requirements for appointment as Co-Lead Plaintiffs.  Therefore, Movants respectfully request
that the Court grant their motion for appointment as Co-Lead Plaintiffs, approve their selection
of Co-Lead Counsel, consolidate related the actions, and grant such other relief as the Court may
deem just and proper.

Dated:  January 14, 2013                    Respectfully submitted,


                                            **WOLF HALDENSTEIN ADLER**
                                            **FREEMAN & HERZ LLP**


                                            /s/  Lawrence P. Kolker____
                                            Lawrence P. Kolker
                                            Gregory M. Nespole
                                            Giti Baghban
                                            270 Madison Avenue
                                            New York, New York 10016
                                            Telephone: (212) 545-4600
                                            kolker@whafh.com
                                            nespole@whafh.com
                                            baghban@whafh.com


                                            **BLOCK & LEVITON LLP**

                                            /s/  Jeffrey C. Block___
                                            Jeffrey C. Block
                                            Jason M. Leviton (*pro hac vice* pending)
                                            Steven P. Harte
                                            Jeff@blockesq.com
                                            Jason@blockesq.com
                                            Steven@blockesq.com
                                            155 Federal Street, Suite 1303
                                            Boston, MA 02110
                                            Telephone: 617.398.5600

                                            *Counsel for Movants and Proposed Co-Lead*
                                            *Counsel*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2013, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____/s/ Lawrence P. Kolker_____
Lawrence P. Kolker